IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Timothy Vana, | ) |
| | ) |
| Plaintiff, | )   Case No. |
| vs. | ) |
| | ) |
| ENCORE FUNDING LLC., | )   **COMPLAINT** |
| | )   **AND DEMAND FOR** |
| | )   **JURY TRIAL** |
| Defendant. | ) |

COMES NOW, the Plaintiff Timothy Vana, by and through his attorneys Pamela A. Car, William L. Reinbrecht and Car & Reinbrecht, P.C., L.L.O. and alleges and states that this is an action brought by an individual consumer for the Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, (hereinafter referred to as the "FDCPA") 15 U.S.C. §1692 et. seq. and the Nebraska Consumer Protection Act. (NCPA) Neb. Rev. Stat. § 59-1601 et seq.  In support of his claims, the Plaintiff states and alleges as follows:

**JURISDICTION AND PARTIES**

1.  That subject matter jurisdiction of this Court arises under 15 U.S.C. 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2.  That venue is proper in this Court for the reason that the claims on which the transactions took place happened in the state of Nebraska in this judicial district.

3.  That at all times relevant hereto, Plaintiff was a resident of Omaha, Nebraska in this judicial district.

4.  That ENCORE FUNDING,L.L.C.,  (hereinafter referred to as "ENCORE") is a collection agency doing business in the state of Nebraska and elsewhere.

## FACTUAL BACKGROUND

5. In spring of 2010, Plaintiff received discovery requests from Defendant's law firm Brumbaugh & Quandahl, on behalf of Defendant ENCORE before any lawsuit was filed by ENCORE against Mr. Vana.

6. In April of 2010, Plaintiff Vana was served with a collection Complaint by Defendant ENCORE the purpose of which was to attempt to collect on an alleged credit card account on behalf of Aspire VISA., which was used for personal, family, or household purposes.

7. Mr. Vana through his counsel filed a General Denial to ENCORE collection complaint. Discovery proceeded. No written assignment was ever produced though requested during discovery.

8. During the course the collection litigation, on or about February 9, 2011, ENCORE filed a Motion for Summary Judgment which it supported with two affidavits, one by Kirk Brumbaugh- counsel for ENCORE, and one by Susan Dumonceaux of Midlands Credit Management Inc. (MCM) Nowhere in the Midland Affidavit did the name ENCORE Receivables appear. This affidavit was made by someone without knowledge of the facts of the collection case.

9. Midland Credit Management is a collection agency which was acting on behalf of ENCORE by making said affidavit.

10. Both Midland and ENCORE are collection agencies and regularly attempt to collect debts alleged to be owed to another.

11. Upon information and belief, form affidavits such as the one used in ENCORE'S collection action against Mr. Vana here and elsewhere in Nebraska are automatically generated by computer upon request by MCM and are routinely provided to MCM employees who sign hundreds of affidavits each day with no personal knowledge of any facts asserted.

12. Upon information and belief, ENCORE filed its collection lawsuit against Vana in an attempt to collect a debt using a deceptive and misleading affidavit as its evidentiary basis to support the allegations in its collection complaint.

13. Upon information and belief, ENCORE did not intend to pursue its collection case if contested, dismissing its lawsuit if challenged on summary judgment.

14. The Court did not grant ENCORE'S Motion for Summary Judgment and Encore dismissed its collection complaint shortly thereafter.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW, the Plaintiff and for his First Cause of Action against the Defendant, states and allege as follows:

15. That the Plaintiff is a natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C.§1692(a)(3).

16. That the Defendant is a collection agency engaged in the business of collecting debts and which regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

17. That all times relevant hereto, Defendant was attempting to collect an alleged debt for personal, family or household purposes alleged to be in default by Aspire VISA., account Number: XXXXXXXXXXXX1347 (account # redacted as required by the e-filing act).

18. That the Defendant violated the FDCPA in the following particulars, but not limited to:

a) making false, deceptive misleading representations in connection with the collection of an alleged debt in violation of 15 U.S.C. §1692e; § 1692e(12);

b) the use of false representations or deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

c) Using false or deceptive means to collect a debt buy threatening to take actions that cannot be legally taken or not intended to be taken in violation of § 1692e(5);

d) and by misrepresenting who as between ENCORE and Midlands is actually collecting debt and using a false and misleading affidavit in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff prays for a judgement against Defendant, for his actual damages and for statutory attorney fees, and a statutory award of up to $1,000.00, costs, and for further relief as the Court shall deem appropriate.

### COUNT 2
### Violation of the Nebraska Consumer Protection Act

COMES NOW the Plaintiff and for his Second Cause of Action, states and alleges as follows:

19.  Plaintiff restates each and every allegation set forth in her previous Cause of Action as if fully set forth herein.

20.  That the actions of the Defendant described above, also violate provisions of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq.

21.  That this claim is in the public interest.

WHEREFORE, Plaintiff prays for a judgement against Defendant for his actual damages, statutory attorney fees, statutory damages for each such violation, an injunction to prevent future conduct of the nature described herein is conduct  the future, costs, and for further relief as the Court shall deem appropriate.

Dated August 13, 2011         Timothy Vana, Plaintiff,

By: s/Pamela A. Car
   Pamela A. Car #18770
   William L. Reinbrecht, #20138
   Car & Reinbrecht, P.C., L.L.O.
   8720 Frederick Street, Suite 105
   Omaha, NE 68124
   (402) 391-8484 Telephone
   (402) 391-1103 Facsimile
   E-mail: pacar@cox.net
   Attorneys for the Plaintiff

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

By: s/Pamela A. Car